UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ISABEL OCAMPO, JASMIN VARGAS
TAVARES and JUAN DAVID SERNA

                                  Plaintiffs,

              -against-

LA ABUNDANCIA BAKERY &
RESTAURANTS INC. and RUBEN
ROJAS AND VLADIMIR WALLIS,
individually,

                                  Defendants.

-------------------------------------------------------------------X

**15-CV-01134 (PK)**

**SETTLEMENT
AGREEMENT**

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

      This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made

and entered into by and between Isabel Ocampo ("Ocampo"), Jasmin Vargas Tavares ("Tavares")

and Juan David Serna ("Serna"), on behalf of themselves, their agents, assigns, attorneys, heirs,

successors, executors and administrators (hereinafter referred to collectively as "Plaintiffs"), and

La Abundancia Bakery & Restaurants Inc. and Ruben Rojas and Vladimir Wallis, as individuals, its

parent(s), subsidiaries, divisions, affiliates and other related entities, and all of its and their

incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys,

employees, fiduciaries, successors, assigns and representatives, in their individual and/or

representative capacities, and for the benefit of the individual defendants' agents, assigns,

attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as

"Defendants").

**WHEREAS**, Plaintiffs filed, in the United States District Court for the Eastern District of New York, a complaint under the docket 15-CV-01134 (PK), in an action asserting violations of the Fair Labor Standards Act and New York Labor Law (hereinafter, the "Complaint"); and

**WHEREAS**, Plaintiffs and the Defendants desire to fully and finally resolve and settle in full all claims that that parties had, has, or may have against any of the other parties, including all claims and issues that were or could have been raised in the Complaint relating to the respective alleged employments of Plaintiffs by Defendants;

**NOW, THEREFORE**, Plaintiffs and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1.  No Admission of Liability: By entering into this Agreement, the parties do not in any way admit liability or wrongdoing toward each other or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by the parties under any law, ordinance, rule, regulation or order with respect to any claim that any other person has asserted, could have asserted or may assert in connection with Plaintiffs' alleged employment with Defendants. The parties have consistently denied, and continue to deny, each and every allegation of wrongdoing made by the other, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2.  Dismissal of Pending Action. For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, Plaintiffs agree that upon execution of this Agreement, they shall: (1) file the Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit A, to effectuate a voluntary dismissal with prejudice of the Pending Action

subject to the Court's approval; and (2) not re-file these causes of action, or any other causes of action against Defendants arising from matters that were encompassed, or could have been encompassed, or raised in the Pending Action.

    3.    Consideration: Upon the full execution of this Agreement and the Stipulation of Dismissal with Prejudice (in the form annexed hereto as Exhibit A), Defendants agree to pay Plaintiffs, as set forth and allocated below, the total sum of Ninety Thousand Dollars and No Cents ($90,000.00), and other good and valuable consideration as described below.

    4.    Taxes:  Plaintiffs agree that they will be solely responsible for any and all taxes payable by each of them with respect to the Settlement Payments, and agree that each will file the appropriate income tax return(s) for calendar year 2016 or 2017, whichever is applicable, reflecting the above payments, and will pay the taxes related thereto in a timely manner.

    (a)    A Form W-2 and a Form 1099 will be issued to each Plaintiff for monies paid to each in 2016 and again for payments issued in 2017; half of each payment will be considered employment compensation from which withholding taxes will be deducted, and half of each payment will be considered non-employment compensation from which no withholding shall be deducted by Defendants. A Form 1099 will also be issued to the Law Offices of Jacob Aronauer for all payments made to the firm in 2016, and another for all payments made to the firm in 2017. After the initial payment is made per the terms of this Agreement, all additional installment payments constituting the Settlement Amount shall be paid by check and shall be mailed to:  The Law Offices of Jacob Aronauer, c/o Jacob Aronauer, Esq., 225 Broadway, Suite 307, New York, New York 10007 in eleven (11) equal monthly installments to be issued on or before the twentieth (20th) day

of each month after the first payment.    Plaintiffs shall cooperate fully with Defendants by executing such forms or authorizations, including W-9, W-4, or other forms required by State, Local or Federal government authorities in connection with withholding taxes.

(b)    Plaintiffs shall be solely responsible for the payment of interest, penalties, taxes (except for withholding taxes) and any other costs associated with Defendants' payment of $90,000 in accordance with the terms herein, if any.    Plaintiffs agree to indemnify and hold harmless Defendants and Releasees from and against any and all loss, cost, damage, or expense, including, but not limited to, interest, penalties, taxes, and reasonable attorneys' fees, incurred by any Defendant or any Releasee, arising out of any claim, determination, or action by the IRS or any other federal, state, or local taxing authority concerning the Settlement Payments, including, but not limited to payroll deductions from the Settlement Payments set forth in Paragraph 3 of this Agreement, other than those to be withheld and reported on W-2, per Paragraph 4(b).

5.    Payment: In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that this Wage-Hour Lawsuit is settled and resolved for the total gross amount of Ninety Thousand Dollars and No Cents ($90,000.00), inclusive of Plaintiffs' counsels' attorneys' fees, expenses and costs ("Gross Settlement Amount"). Plaintiffs acknowledge that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Defendants' promises, releases and covenants as set forth below. Within thirty (30) days of the Court's final approval of this Settlement Agreement, or after receipt of each

4

Plaintiff's ITIN number or social security number, which is later, but in no event later than sixty (60) days after the Court's final approval of the Settlement Agreement, Defendants shall deliver to Plaintiffs' counsel The Law Offices of Jacob Aronauer, c/o Jacob Aronauer, Esq., 225 Broadway, Suite 307, New York, New York 10007; the first set of twelve sets of the following monthly Settlement Payments:

    a.   All twelve monthly payments shall be made on the 20th of the month. This includes the first monthly payment;

    b.   Each month, for the next twelve months, a check made payable to Ocampo in the gross amount of Nine Hundred and Eighty Eight Dollars and Thirty Three Cents ($988.33), less applicable federal, state, and local taxes and other appropriate payroll deductions, which amount will be reported for tax purposes on a U.S. Internal Revenue Service ("IRS") Form W-2;

    c.   Each month, for the next twelve months, a check made payable to Ocampo in the gross amount of Nine Hundred and Eighty Eight Dollars and Thirty Three cents ($988.33) to compensate Ocampo for liquidated damages unrelated to lost wages, which amount will be reported for tax purposes on an IRS Form 1099;

    d.   Each month, for the next twelve months, a check made payable to Tavares in the gross amount of Seven Hundred and Forty One Dollars and Twenty Five Cents ($741.25), less applicable federal, state, and local taxes and other appropriate payroll deductions, which amount will be reported for tax purposes on a U.S. Internal Revenue Service ("IRS") Form W-2;

    e.   Each month, for the next twelve months, a check made payable to Tavares in the amount of Seven Hundred and Forty One Dollars and Twenty Five Cents

($741.25), to compensate Tavares for liquidated damages unrelated to lost wages, which amount will be reported for tax purposes on an IRS Form 1099;

f.  Each month, for the next twelve months, a check made payable to Serna in the gross amount of Seven Hundred and Forty One Dollars and Twenty Five Cents ($741.25), less applicable federal, state, and local taxes and other appropriate payroll deductions, which amount will be reported for tax purposed on a U.S. Internal Revenue Service ("IRS") Form W-2;

g.  Each month, for the next twelve months, a check made payable to Serna in the amount of Seven Hundred and Forty One Dollars and Twenty Five Cents ($741.25), to compensate Serna for liquidated damages unrelated to lost wages, which amount will be reported for tax purposes on an IRS Form 1099;

h.  Each month, for the next twelve months, a check made payable to "The Law Offices of Jacob Aronauer," in the amount of Two Thousand and Five Hundred and Fifty Eight Dollars and Thirty Four cents ($2,558.34), for attorneys' fees and expenses, which amount will be reported for tax purposes on an IRS Form 1099.

6.  Additional Payment in Event of Default. If Defendants fail to make timely payment as provided in this paragraph 3, counsel for Plaintiffs shall notify Defendants by mailing by certified mail to 63-12 La Abundancia Inc., attn.: Ruben Rojas, at 63-10 Broadway, Woodside, NY 11377 with a copy of such letter sent to counsel for Defendants (notice to counsel deemed completed upon sending to Albert Talero. Esq. via e-mail at atalero@talerolaw.com after which date Defendants shall have Ten (10) calendar days to cure the default.  In the event that Defendants fail to cure any default within Ten (10) calendar days of their receipt of the notice as set forth in this Paragraph, or if any check tendered by Defendants is not negotiable for any

6

reason and after notice of same is not cured within Ten (10) calendar days of receipt of such default in accordance with the terms of this Paragraph, then Plaintiff shall be entitled to enter a judgment by Affidavit of Confession of Judgment, annexed hereto as Exhibit B, or otherwise, without further notice against La Abundancia Bakery & Restaurants Inc. and Ruben Rojas in the United States District Court, Eastern District of New York, for twice the full Settlement Sum less any partial payment(s) made, and shall have immediate execution therefor. In addition, La Abundancia Bakery & Restaurants Inc. and Ruben Rojas shall be liable to the Plaintiffs for their reasonable attorneys' fees in regard to the enforcement of the Agreement and the collection of monies due thereafter.

7.    Additional Payment in the Event of Default by Defendant Vladimir Wallis. If Defendants fail to make timely payment as provided in this paragraph 3, counsel for Plaintiffs shall notify Defendants by mailing by certified mail to 63-12 La Abundancia Inc., attn.: Ruben Rojas, at 63-10 Broadway, Woodside, NY 11377 with a copy of such letter sent to counsel for Defendants (notice to counsel deemed completed upon sending to Albert Talero, Esq. via e-mail at atalero@talerolaw.com after which date Defendants shall have Ten (10) calendar days to cure the default. In the event that Defendants fail to timely cure any default within Ten (10) calendar days of their receipt of the notice as set forth in this Paragraph, or if any check tendered by Defendants is not negotiable for any reason and after notice of same is not cured within Ten (10) calendar days of receipt of such default in accordance with the terms of this Paragraph, then Defendant Wallis will be liable for two times the full Settlement Sum less any partial payment(s) made, and shall have immediate execution therefor. In addition, Wallis shall be liable to the Plaintiffs for their reasonable attorneys' fees in regard to the enforcement of the Agreement and the collection of monies due thereafter.

7

8.    Affidavit of Confession of Judgment:  Defendants La Abundancia Bakery & Restaurants Inc. and Ruben Rojas shall execute the Affidavit of Confession of Judgment, annexed hereto as Exhibit B, and return it to Plaintiff's counsel with this executed agreement. The original of the Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. Plaintiffs' attorney will send an affirmation to Defendants' attorney stating that Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

9.    Releases by Parties:

a.  **Wage and Hour Releases by Plaintiffs**. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, the New York Hospitality Wage Order, and the New York Restaurant Industry Wage Order, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours

8

pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities that are known to them during Plaintiffs' employment with Defendants. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendant and it does not release or discharge any claims that may occur after that date.

b.  In consideration of the promises herein, Defendants, individually together with, but not limited to, their respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees and attorneys hereby completely, unconditionally and forever releases, acquits and discharges Plaintiffs, together with respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees, attorneys, dependents, descendants, heirs, spouses, estates, successors, agents and assigns, from any and all claims, demands, liabilities, damages, losses, indebtedness, costs, attorneys' fees, actions and causes of action, suits, proceedings, controversies, agreements and/or obligations of any nature whatsoever, known or unknown, arising out of, or related to, any occurrence or non-occurrence, happening or not happening, prior to the date hereof, that Defendants may have held, or now hold, against Plaintiffs, from the beginning of the World through the date of this Agreement, which Defendants may have had, may now have, or which may hereinafter arise, from

events relating to the alleged employment of Plaintiffs with Defendants, including the issues that have been asserted, or could have been asserted as counter-claims, cross-claims or otherwise.

c. Plaintiffs agree to indemnify the released Defendants from any and all claims, including the rights of subrogation, held by any third parties which may exist in this matter.

10. <u>No Employment</u>: Plaintiffs agree and promise not to seek employment with Defendants, or any of their parent(s), subsidiaries, divisions, affiliates or other related entities at any time. Plaintiffs further agree and acknowledge that this Agreement shall constitute good and sufficient cause on which Defendants may reject any application for employment by Plaintiffs or on their behalf and that such rejection would not constitute a violation of any law.

11. <u>Non-Disclosure and Communications</u>:

a. Plaintiffs and Plaintiffs' counsel will not discuss the terms of this Agreement on social media, or elsewhere. Plaintiffs are prohibited from initiating contact with individuals to discuss the Settlement. However, nothing will bar Plaintiffs from discussing the Agreement if the respective Plaintiff is solicited by an individual to discuss the Agreement. This includes former or current employees of Defendants.

b. Plaintiffs' Counsel confirms that they will not advertise or otherwise solicit clients by using this Lawsuit or Settlement Agreement and will not upload and, if applicable, have removed any reference from their website and any promotional material about the Lawsuit or the Settlement Agreement.

10

    c.  Nothing in this Settlement Agreement shall prevent Defendants from filing any required regulatory disclosures regarding the Lawsuit or complying with its obligations under the law.

    d.  Plaintiffs' Counsel will promptly notify Defendants' Counsel of any third-party demand that they disclose information pertinent to this Settlement.

12.    <u>Non-disparagement</u>:  Plaintiffs agree not to make, utter, speak, write, or in any other manner, transmit or communicate to any person or entity any disparaging remark about any of Defendants.  The Defendants agree not to make, utter, speak, write, or in any other manner, transmit or communicate to any person or entity any disparaging remark about Plaintiffs.  This paragraph, though, shall not be interpreted to prevent Plaintiffs from making truthful statements concerning the Fair Labor Standards Act claims and defenses asserted in this action.  This includes, but is not limited to, having to testify at a deposition or at a trial.

13.    <u>Governing Law</u>: This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and shall bind the parties and their respective heirs, estates, successors and assigns.  If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding.  Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

14.    <u>Jurisdiction</u>:  By entering into this Agreement, the parties hereby submit to the jurisdiction of the Eastern District of New York, United States District Court to resolve any dispute hereunder.

15.    <u>Enforceability</u>:  If any provision of this Agreement is held by the Eastern District of New York to be illegal or unenforceable, such provision shall be severed from this Agreement

11

and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

16. Interpretation of Agreement: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

17. Headings: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

18. Voluntary Agreement: Plaintiffs and Defendants agree and affirm that:

a. They have carefully read and fully understand all of the provisions of this Agreement;

b. They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

c. They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

d. They have consulted with their attorney of choice before executing this Agreement;

e. This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the Complaint.

12

f.  No promise or representation of any kind or character has been made by any of Defendants or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement;

g.  They are, through this Agreement, releasing all of Defendants from any all claims that they may have against any of them in exchange for the payment described herein;

h.  They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

19.     Complete Agreement:  This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them.  This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

20.     Counterparts:  This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE**, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: 7-29-16                          Isabel Ocampo

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NY             )

On this 29 day of July , 2016, before me, the undersigned, appeared Isabel Ocampo personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Notary Public

DARLYNE JOSEPH
NOTARY PUBLIC - STATE OF NEW YORK
NO. 4-6920
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 3/1/2016 / 18

Dated: 07-29-2016                       Jasmin Vargas Tavares

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NY             )

On this 29 day of July , 2016, before me. the undersigned, appeared Jasmin Vargas Tavares personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Notary Public

DARLYNE JOSEPH
NOTARY PUBLIC - STATE OF NEW YORK
NO. 4-6920
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 3/1/2016 / 18

14

Dated:  07/27/2016                          JUAN DAVID SERNA
                                            Juan David Serna

FLORIDA
STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF HILLSBOROUGH

   On this 27 day of July ___, 2016, before me, the undersigned, appeared Juan David Serna personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

> RUBY DUCUARA
> MY COMMISSION # GG003924
> EXPIRES June 20, 2020
> (407) 398-0153   FloridaNotaryService.com

Dated: August 3, 2016                       _____
                                            Ruben Rojas

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF Queens

   On this 3rd day of August ___, 2016, before me, the undersigned, appeared Ruben Rojas personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

ALBERT TALERO
Notary Public, State of New York
No. 02TA4829669
Qualified in Queens County
Commission Expires Oct. 31, 2009 17

15

Dated: _August 3, 2016_

_____

La Abundancia Bakery & Restaurants Inc.

BY: _Rubén Rojas_

TITLE: _President_

STATE OF NEW YORK   )

                     ) ss.:

COUNTY OF _Queens_

On this _3rd_ day of _August_, 2016, before me, the undersigned, appeared

La Abundancia Bakery & Restaurants Inc. personally known to me or proved to me on the basis

of satisfactory evidence to be that individual, and he executed the above agreement by free act

and deed, and thereby subscribed to it.

_____

Notary Public

ALBERT TALERO
Notary Public, State of New York
No. 02TA4829669
Qualified in Queens County
Commission Expires Oct. 31, 2069
17

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

ISABEL OCAMPO, JASMIN
VARGAS TAVARES
and JUAN DAVID SERNA,                                    15-CV-01134 (PK)

                    Plaintiffs,            STIPULATION AND
                                                        ORDER OF DISMISSAL

    -against-

LA ABUNDANCIA BAKERY,
& RESTAURANTS INC., and
RUBEN ROJAS and
VLADIMIR WALLIS, individually,

                   Defendants.

--------------------------------------------------------------------X

       IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above

captioned action, through the undersigned counsel, that the action (and all claims and causes of

action that were or could have been asserted in it) be withdrawn, discontinued and dismissed,

with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

By: Jacob Aronauer, Esq.                                Dated: _Aug 10_, 20_16_
THE LAW OFFICE OF JACOB ARONAUER
225 Broadway, Suite 307
New York, New York 10007
*Attorneys for Plaintiffs*


By: Albert Talero                                       Dated: _August 3_, 20_16_
THE LAW OFFICE OF ALBERT TALERO. P.C.
71-50 Austin Street, Suite 207
Forest, Hills, NY 11375
*Attorney for Defendants*

**SO ORDERED.**

Dated: _____, 20__

_____
Hon. Peggy Kuo

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ISABEL OCAMPO, JASMIN
VARGAS TAVARES
and JUAN DAVID SERNA,                                           **15-CV-01134 (PK)**

                            Plaintiffs,        **AFFIDAVIT OF**
                                         **CONFESSION OF**
     -against-                                            **JUDGMENT**

LA ABUNDANCIA BAKERY,
& RESTAURANTS INC., and
RUBEN ROJAS and
VLADIMIR WALLIS, individually,

                            Defendants.

------------------------------------------------------------------X

STATE OF NEW YORK     )
                        ): ss:
COUNTY OF NEW YORK  )

RUBEN ROJAS, being duly sworn, deposes and says:

1. I, Ruben Rojas, am a co-owner of La Abundancia Bakery & Restaurants, Inc. and have an address at 63-10 Broadway, Woodside, NY 11377.

2. I have authority to sign on behalf of La Abundancia Bakery and Restaurants Inc. and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of La Abundancia Bakery and Restaurants Inc.

3. I, Ruben Rojas individually, hereby confess judgment and authorize entry of judgment against myself and La Abundancia Bakery and Restaurants Inc. ("collectively Defendants"), jointly and severally, in favor of Plaintiffs for the sum of One Hundred and Eighty Thousand Dollars and No Cents ($180,000.00), less the amount for the payments already made, pursuant to the terms of the Settlement Agreement and General Release (the "Settlement Agreement"), entered into and signed by Plaintiffs and Defendants in the above-captioned proceeding, together with statutory costs and pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement.

19

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Eastern District of New York.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement, Plaintiffs shall have the unqualified rights to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, The Law Offices of Jacob Aronauer, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release. Plaintiffs' attorney will send an affirmation to Defendants' attorney stating that Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

_____
RUBEN ROJAS

Dated: _August 3, 2016_

Sworn to before me this 3rd
day of _August_, 20 16

_____
Notary Public

ALBERT TALERO
Notary Public. State of New York
No. 02TA4829669
Qualified in Queens County
Commission Expires Oct. 31, 2009
17

20